IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12cv152
[3:99cr163-01 & 3:01cr31-2]

| | |
|---|---|
| RONALD A. MOORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | MEMORANDUM OF |
| ) | DECISION and ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the court on the petitioner's counseled "Supplement and Amendment to [Petitioner's] Pro Se Motion to Vacate Sentence Under 28 U.S.C. § 2255; Alternative Petition for Relief Under 28 U.S.C. §2241; Alternative Petition for Writ of Coram Nobis; and Alternative Petition for a Writ of Audita Querela" (#12). Respondent filed its Answer (#16), in which it moves to dismiss the petition, on January 18, 2013. On February 15, 2013, petitioner timely filed his Reply (#20). It appearing that the issues have been briefed, with one exception, the court enters the following findings, conclusions, and Order denying the petition in part and requiring further briefing of one issue.

### FINDINGS AND CONCLUSIONS

**I.    Introduction**

Petitioner seeks relief from the judgment of this court entered June 6, 2011, which imposed 15-months imprisonment for violating the terms of supervised release in 3:99cr163 (hereinafter "the 2000 conviction") and 46-months imprisonment for violating the terms of

supervised release in 3:01CR31 (hereinafter "the 2003 conviction"), which were ordered to be served concurrently.  Significant to the instant petition, the 2000 conviction was for a violation of 18 U.S.C. § 922(g)(1), which was based on a conviction for felony possession of cocaine entered in the North Carolina General Court of Justice, Superior Court Division, on May 5, 1995. The 2000 conviction was never appealed or collaterally attacked prior to the filing of the instant petition in 2012, which was more than 11 years after such Judgment became final.

After the uncounseled petition was filed on February 22, 2012, the court conducted an initial screening as required by Rule 4(b), Rules Governing § 2255 Proceedings.  On March 8, 2012, the court summarily dismissed petitioner's first contention related to his supervised release violation. The court also found that petitioner's second contention challenging his 2000 conviction in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) was facially untimely under § 2255(f)(1), and ordered the government to respond to petitioner's Simmons claim to address specifically whether any exception to § 2255(f)(1) applied.  On October 29, 2012, the government filed its response seeking dismissal of the petition.

Subsequent to initial screening, the judges of this district entered a Standing Order appointing the Federal Defender as counsel for any indigent defendant who may qualify for relief under Simmons.  In re Motions for post-Conviction Relief Pursuant to *Simmons*, 3:12mc92 (W.D.N.C. May 22, 2012).  In furtherance of such appointment, the Federal Defender filed the instant Amended Motion (#12) on November 30, 2012.  Upon initial screening of the Amended Petition, the court determined that the government's October 29, 2012, Answer and motion to dismiss were moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) (holding that "[t]he general rule ...is that an amended pleading supersedes the original pleading, rendering

the original pleading of no effect); Taylor v. Abate, 1995 WL 362488, *2 (E.D.N.Y.1995) (finding that "Defendants' motion to dismiss is addressed solely to the original complaint···· Consequently, upon the filing of the amended complaint, their motion is mooted and, therefore, denied.").[1] The court directed the government to Answer or otherwise respond to the Amended Petition. Order (#15). In the Amended Petition, petitioner has made the following contentions:

> I. Because his claim is timely, he is entitled to have his 2000 felon-in-possession conviction vacated;
>
> II. Petitioner is entitled to resentencing in the revocation of his supervised release in the 2003 drug conspiracy and firearms case because the guidelines range was calculated erroneously relying on convictions that are infirm in light of Simmons; and
>
> III. Petitioner is otherwise entitled to relief under 28 U.S.C. § 2241, a writ of *coram nobis*, or a writ of *audita querela*.

## II.   Discussion

### A.   First Contention: Actual Innocence as to the 2000 Conviction

Petitioner first contends that because his claim is timely, he is entitled to have his 2000 felon-in-possession conviction vacated. While the court agrees that petitioner is actually innocent of the § 922(g)(1) offense underlying his 2000 conviction because his 1995 conviction in the North Carolina General Courts of Justice for felony possession of cocaine is no longer a qualifying felony conviction under Simmons, such claim is not timely for the reasons herein discussed.

---

[1]   Due to the limits of ECF, copies of unpublished decisions cited in this Order are incorporated into the court record through reference to the Westlaw citation.

### 1. §2255(f)(1)

The court has considered whether this petition was timely filed under §2255(f)(1), which provides "[a] 1-year period of limitation [shall run from] . . . the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). In calculating the 12 months from the date on which the Judgment of Conviction becomes final, a conviction is final for § 2255(f)(1) purposes "on the date when the petitioner could no longer seek direct review." United States v. Walker, 1998 WL 756928, *1 (4th Cir.1998)(citations omitted). Petitioner's judgment of conviction became final November 26, 2000,[2] and petitioner filed his motion on February 22, 2012,[3] making the filing of the petition untimely under § 2255(f)(1). The court will now consider whether any statutory exception applies in this case.

### 2. § 2255(f)(2)

The court has considered whether this petition was timely filed under §2255(f)(2), which provides "[a] 1-year period of limitation [shall run from] . . . the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such

---

[2] In its response, the government states that petitioner had 14 days to appeal his 2000 conviction, making the November 16, 2000, judgment final as of November 30, 2000. See Response (#16) at 4. At the time such judgment became final in 2000, a criminal defendant had 10 days to file a Notice of Appeal, Fed.R.App.P. 4(b) (2000), inasmuch as the 14-day appellate period under Rule 4(b) did not come into existence until 2009. Fed.R.App.P. 4(b) (2012).

[3] In its response, the government cites February 2, 2011, as the date petitioner filed his Motion to Vacate. See Response (#16) at 2 & 4. Close review of the docket reveals such filing occurred on February 22, 2012, with a protective filing date of February 16, 2012 (the date petitioner delivered the petition to prison authorities, as evidenced by the time stamp on the envelope (#536-1)).

governmental action." 28 U.S.C. § 2255(f)(2). Petitioner has not contended that any unconstitutional or unlawful action by the government prevented him from filing a timely motion. Petitioner does not, therefore, qualify for the § 2255(f)(2) exception.

### 3.     § 2255(f)(3)

Next, the court has considered whether plaintiff's claim would be timely under § 2255(f)(3), which provides as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> \*\*\*
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]

18 U.S.C. § 2255(f)(3). Harsh results may be wrought under § 2255(f)(3) where a right is initially recognized by the Supreme Court, but not made retroactively applicable to cases on collateral review until a date well beyond the one year allowed under the statute. As the Court of Appeals for the Fourth Circuit has found, and as Circuit Judge Niemeyer explained in his concurring opinion in United States v. Mathur, 685 F.3d 396 (4th Cir. 2012):

> Of course, I recognize, as did the Supreme Court in *Dodd*, that such a construction of the language of § 2255(f)(3) would leave little room for the filing of § 2255 motions beyond the one-year limitations period provided in §2255(f)(1), since a court may not have made a new right retroactive within the one year after the Supreme Court recognized the right, as required by § 2255(f)(3). *See Dodd*, 545 U.S. at 359, 125 S.Ct. 2478. But if § 2255(f)(3) is to be read in the same manner as *Tyler* read § 2244(b)(2)(A), then this consequence would merely reflect the policy decision inherent in the statute. As the *Dodd* Court observed, "We must presume that the legislature says in a statute what it means and means in a statute what it says there." *Id.* at 357, 125 S.Ct. 2478 (internal quotation marks and alteration omitted). Explaining the narrow authority granted by § 2255(f)(3), the Court stated:

-5-

> *Dodd* points out that this Court rarely decides that a new rule is retroactively applicable within one year of initially recognizing that right. Thus, because of the interplay between [§§ 2255(h)(2) and 2255(f)(3)], an applicant who files a second or successive motion seeking to take advantage of a new rule of constitutional law will be time barred except in the rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year.
>
> Although we recognize the potential for harsh results in some cases, we are not free to rewrite the statute that Congress has enacted.... It is for Congress, not this Court, to amend the statute if it believes that the interplay of ¶¶ [ (h) ](2) and [ (f) ](3) of § 2255 unduly restricts federal prisoners' ability to file second or successive motions.
>
> *Id.* at 359–60, 125 S.Ct. 2478 (emphasis added).
>
> The consequence recognized by *Dodd* is indeed presented in the case before us, as no court has held that *Padilla* recognized a new right that is retroactively applicable to cases on collateral review within the year after *Padilla* recognized the right. Thus, even if Mathur could show that this court ought to apply *Teague* so as to make *Padilla* retroactive, it is not clear that § 2255(f)(3) would allow us to do so.

Id. at 403-404 (Niemeyer, J., concurring). While Simmons arguably allows for the retroactive application of the right first recognized in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), the § 2255(f)(3) one year window had already closed when Simmons issued, as that opportunity is calculated from the date of the Supreme Court's decision and not the appellate court's recognition of that right. Thus, § 2255(f)(3) affords petitioner no relief.

    **4.**    **§ 2255(f)(4)**

The court has also considered whether the § 2255 petition was timely filed under §2255(f)(4), which provides "[a] 1-year period of limitation [shall run from] . . . the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). The issuance of the decision in Simmons is

-6-

Case 3:12-cv-00152-MOC   Document 21   Filed 02/22/13   Page 6 of 16

not a "fact" supporting the claim.

The issuance of a legal decision is not a "fact." The term "fact" as used in § 2255(f)(4) refers to an actual or alleged event or circumstance, but not to the date a petitioner recognizes the legal significance of such event. United States v. Pollard, 416 F.3d 48, 55 (D.C. Cir. 2005) (Sentelle, J., relying on and citing *Black's Law Dictionary* 7th Ed. at 610). Indeed, as one district court recognized, the law on this point is overwhelming:

> Indeed, each circuit that has considered the issue has found that a legal decision that does not change any part of the petitioner's own criminal history constitutes a ruling of law and does not create a new factual predicate for a federal habeas claim. *See Lo v. Endicott*, 506 F.3d 572, 575–76 (7th Cir.2007); *E.J.R.E.*, 453 F.3d at 1097–98; *Shannon*, 410 F.3d at 1089. Other circuits, while not addressing that issue directly, have explained that § 2255(f)(4) does not provide for AEDPA's one-year limitations period to begin to run upon a prisoner's recognition of a new legal ground for a § 2255 petition. *See United States v. Collins,* 364 Fed.Appx. 496, 498 (10th Cir.2010) (order denying certificate of appealability) ("Section 2255(f)(4) speaks to discovery of facts supporting a claim, not a failure to appreciate the legal significance of those facts."); *Barreto–Barreto v. United States*, 551 F.3d 95, 99 n. 4 (1st Cir.2008) (noting that "the discovery of a new legal theory does not constitute a discoverable 'fact' for the purposes of § 2255(f)(4)"); *United States v. Pollard*, 416 F.3d 48, 55 (D.C.Cir. 2005) (noting that for the purposes of § 2255(f)(4), "time begins when the prisoner knows (or through due diligence could discover) the important facts, not when the prisoner recognizes their legal significance" (*quoting Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir.2000) (quotation marks omitted))).

Tellado v. United States, 799 F.Supp.2d 156, 164 (D.Conn. 2011). Clearly, Simmons did not change petitioner's criminal history; rather, it determined that defendants with similar criminal histories did not qualify for a Section 922(g) conviction. This court joins with its colleague in Tellado, and will follow all of the appellate courts that have addressed the issue, and finds that because a legal decision does not constitute an actual or alleged event or circumstance, such is not a "fact" for purposes of § 2255(f)(4). Thus, the issuance of the decision in Simmons is not a

"fact" that would trigger the start of a one-year period of limitations under § 2255(f)(4).[4] Thus, any reliance on § 2255(f)(4) in bringing this action is unavailing.

### 5. Equitable Tolling

Recognizing that the period had passed when he filed his petition, petitioner has argued that such limitation period should be equitably tolled. Inasmuch as the AEDPA's "limitations provisions ... do not speak in jurisdictional terms or refer in any way to the jurisdiction of district courts ... § 2255's limitations period is subject to equitable modifications such as tolling." United States v. Prescott, 221 F.3d 686, 688 (4th Cir.2000). Equitable tolling is an "extraordinary remedy" and "sparingly granted." Id.

The Supreme Court has made clear that mere attorney negligence in failing to file a timely petition is not sufficient in-and-of itself to equitably toll the statute of limitations imposed under the AEDPA. Holland v. Florida, 130 S.Ct. 2549 (2010). In Holland, the Court held that something more than negligence of counsel was required to toll the deadline, holding as follows:

> We have previously held that "a garden variety claim of excusable neglect," *Irwin,* 498 U.S., at 96, 111 S.Ct. 453, such as a simple "miscalculation" that leads a lawyer to miss a filing deadline, *Lawrence, supra,* at 336, 127 S.Ct. 1079, does not warrant equitable tolling. But the case before us does not involve, and we are not considering, a "garden variety claim" of attorney negligence. Rather, the facts of this case present far more serious instances of attorney misconduct. And, as we have said, although the circumstances of a case must be "extraordinary" before equitable tolling can be applied, we hold that such circumstances are not limited to those that satisfy the test that the Court of Appeals used in this case.

---

4     The court notes that the court that authored the one published opinion accepting a theory that equates issuance of a legal decision with discovery of a fact later abandoned such position based on contrary intervening circuit law. See Rios–Delgado v. United States, 117 F.Supp.2d 581 (W.D.Tex. 2000); *c.f.* Estrada–Mendez v. United States, 2008 WL 558040, at *3 (W.D.Tex. Feb. 28, 2008).

Id., 130 S.Ct. at 2564. The decision in Holland instructs that trial courts should look beyond a missed deadline by counsel and determine whether the presence of counsel imposed some other impediment upon the litigant that interfered with his or her ability to timely file his petition. Id., 130 S.Ct. at 2565. In this case, petitioner filed his petition well before counsel was appointed and it appears that counsel in manner contributed to the late filing of this petition.

In order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his legal rights and (2) that some extraordinary circumstance prevented the timely filing of his § 2255 motion. Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The petition in this case was filed more than 11 years after the judgment sought to be vacated became final and was filed almost two years after the Supreme Court decided Carachuri-Rosendo on June 14, 2010. The court has been pointed to no extraordinary circumstance that prevented petitioner from bringing this claim within one year of Carachuri-Rosendo.

Despite such disentitlement to equitable tolling, the court has considered petitioner's contention that equitable tolling should be applied in his case because he is actually innocent of the 2000 conviction and it would be grossly unjust to enforce the limitations period in such circumstance. If petitioner were currently serving a sentence based solely on a violation of Supervised Release that arose from a conviction upon which petitioner is actually innocent, then this court would likely agree that it would be inequitable to enforce the statute of limitations. However, that is not the case here as the conduct that constituted the Supervised Release violation as to the 2000 conviction also constituted the conduct underlying the Supervised Release violation as to the 2003 conviction. Furthermore, the 15-month sentence for the challenged SRV violation was made-to-run concurrent with the 46 months imposed on the 2003

conviction, which is unimpaired by Simmons. While petitioner will have 24 months of Supervised Release to complete on the 2000 conviction, such period is identical to the 24 months of supervised release left on the 2003 conviction, and will commence simultaneously upon release.

A court cannot grant § 2255 relief if federal sentence completed, absent adverse collateral consequences. Courtney v. United States, 518 F.2d 514 (4th Cir. 1975). The court has every reason to believe that the 15-month sentence imposed on the SRV for the 2000 conviction has now expired. While it is conceivable that petitioner could again violate the terms of supervision after release from the last violation of Supervised Release on the 2000 conviction, petitioner will be subject to no adverse consequences that are not otherwise present in supervision for the 2003 conviction. A further safeguard exists in that nothing will prevent petitioner from moving to dismiss any future petition for violation of Supervised Release in the 2000 conviction. Under the concurrent sentence doctrine, the court can foresee with reasonable certainty that no adverse consequence will flow from the challenged conviction. Benton v. Maryland, 395 U.S. 784, 787-91 (1969); United States v. Hill, 859 F.2d 325, 326 (4th Cir.1988) (discussing doctrine); United States v. Webster, 639 F.2d 174, 182-83 (4th Cir.1981) (stating that court must be able to "foresee with reasonable certainty that no adverse collateral consequences will redound to the defendant").

Thus, the court finds no basis for equitable tolling as enforcing the statute of limitations would not be unconscionable or result in a gross injustice.

### 6. Failure of the Government to Waive the Statute of Limitations

In his Reply, petitioner speculates as to the reasons why the government has decided not

to waive the one-year statute of limitations in this case as it has in other cases. The court explored this topic with counsel for the government and the petitioner in oral arguments in <u>Bennett v. United States</u>, 3:12cv524. Despite such contentions, there is no evidence that the government's decision in this case is motivated by any improper or unconstitutional factor, but is instead the result of applying neutral criteria.

    **B.    Second Contention: Section 2255 Relief in the 2003 SRV Conviction Based on Improper Guidelines Calculation, which Included the Challenged 2000 Conviction**

In his second contention, petitioner argues that he is entitled to resentencing in the revocation of his supervised release in the 2003 drug conspiracy and firearms case because the advisory guidelines range was calculated erroneously as it relied on convictions that are infirm in light of <u>Simmons</u>.

Section 2255 is not limited to constitutional claims; nonconstitutional claims may also be raised. <u>Davis v. United States</u>, 417 U.S. 333, 345 46 (1974). Nonconstitutional error does not provide a basis for collateral attack unless it involves a "fundamental defect which inherently results in a complete miscarriage of justice." <u>United States v. Addonizio</u>, 442 U.S. 178, 185 (1979); <u>United States v. Timmreck</u>, 441 U.S. 780 (1979); <u>United States v. Morrow</u>, 914 F.2d 608 (4th Cir. 1990) (finding error must result in complete miscarriage of justice or be inconsistent with rudimentary demands of fair procedure).

A prisoner may attack the validity of a federal sentence pursuant to 28 U.S.C. § 2255, but must allege and later prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or

(4) the sentence is otherwise subject to collateral attack. United States v. Kelly, 2013 WL 139500, *1 (D.S.C. Jan. 10, 2013); 28 U.S.C. § 2255(a).

As the Supreme Court recognized in Stone v. Powell, 425 U.S. 465, 477 n.10 (1976), a petitioner is only entitled to relief under § 2255 on the basis of a nonconstitutional error if the case presents an error of law that constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." See Hill v. United States, 368 U.S. 424, 428 (1962). As long as a sentence is within the statutory maximum term of imprisonment, it is a lawful sentence and its imposition is not a miscarriage of justice. United States v. Pregent, 190 F.3d 270, 284 (4th Cir. 1999) ("Section 2255 provides relief for cases in which 'the sentence was in excess of the maximum authorized by law.'"). Misapplication of the guidelines is not cognizable under § 2255, because "a misapplication of the guidelines typically does not constitute a miscarriage of justice." United States v. Mikalajunas, 186 F.3d 490, 496 (4th Cir. 1999).

In this matter, petitioner has not shown that the 46 month sentence this court imposed for violation of the terms of his supervised release in the 2003 conviction stems from a constitutional error or has resulted in an unlawful sentence, defined as a sentence in excess of the maximum authorized by law. Instead, petitioner challenges the grade of the violation and that his criminal history category was too high because it included his now-infirm 2000 conviction. Even assuming that petitioner is correct in this assertion, he has not shown how the 46-month sentence on the SRV was a sentence in excess of the statutory maximum for the underlying 2003 conviction. Here, the statutory maximum for conspiracy to possess with intent to distribute cocaine and cocaine base within 1000 feet of a protected area was life imprisonment. Thus, petitioner does not state a cognizable challenge under § 2255 to the judgment imposed on the

Supervised Release Violation in the 2003 conviction nor does he present a claim that is indicative of a complete miscarriage of justice as the 46 month sentence this court imposed is <u>fully</u> justified by the offense conduct.

    **C.    Third Contention: Alternative Relief**

In his third contention, petitioner asserts that in the event § 2255 relief is not available, he is entitled to relief in the alternative under 28 U.S.C. § 2241, a writ of *coram nobis*, and/or a writ of *audita querela* as to the 2000 conviction as well as the 2003 conviction. The court will consider these claims *seriatim*.

    **1.    Section 2241**

Petitioner has asserted in the alternative that he is entitled to relief pursuant to 28 U.S.C. § 2241 as to both his 2000 conviction and his 2003 conviction.

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate under § 2255 provide separate and distinct methods for obtaining post-conviction relief. To the extent petitioner seeks relief pursuant to § 2241, he can only do so only if he can show that §2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision ... or because an individual is procedurally barred from filing a § 2255 motion...." <u>In re Vial</u>, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (internal citations omitted).

    **a.    2003 Conviction**

As discussed above, petitioner's § 2255 petition as to his 2003 conviction is procedurally barred. Section 2241 provides a means of attacking the manner in which a sentence is executed.

-13-

Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). As the Fourth Circuit recognized in In re Jones, 226 F.3d 328 (4th Cir. 2000), where § 2255 is inadequate or ineffective to test the legal validity of a petitioner's conviction, the "savings clause" of § 2255 permits a petitioner to seek relief under § 2241. In re Jones, 226 F.3d at 333.

While the savings clause can be invoked to permit § 2241 relief where § 2255 is inadequate or ineffective, it only applies to permit such relief when (1) at the time of conviction, settled law of the Fourth Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010). Petitioner's 2003 conviction in no manner fits such calculus and such request will be denied.

### b. 2000 Conviction

Petitioner also seeks relief under § 2241 as to his 2000 conviction. In his reply, he argues that the respondent has failed to address whether § 2241 relief should be allowed as to his 2000 conviction. While the respondent has fully argued why § 2241 is inapplicable to petitioner's 2003 conviction, the court agrees that respondent has not argued the applicability of such provision to the 2000 conviction. Further, petitioner argues that § 2241 relief should be granted as the government has conceded in other cases in this district that §2241 "'is an appropriate avenue of relief for petitioners who do not satisfy the gatekeeping provisions of §2255.'" Reply (#20) at 4 (citations omitted). In addition, petitioner has argued why he believes his § 2241 claim as to the 2000 conviction satisfies the requirements of In re Jones and Rice, supra.

-14-

Case 3:12-cv-00152-MOC   Document 21   Filed 02/22/13   Page 14 of 16

The lack of argument places the court at a crossroads. On the one hand, petitioner has made a persuasive argument as to why the court should consider providing him with relief under § 2241. On the other hand, the government has clearly overlooked responding to such claim as required by the court's Rule 4(b) Order. While in typical civil litigation such oversight would amount to a default or a tacit concession of the point, Simmons litigation is anything but typical and has strained the resources of the government as well as the Federal Defender. Rather than have such issue fully briefed for the first time at the appellate level, the court will require supplemental briefing of this issue and reserve decision.

### 2. Equitable Relief

Finally, petitioner seeks a writ of *coram nobis*, and/or a writ of *audita querela*. *Coram nobis* relief is only available when all other avenues of relief are inadequate and where the defendant is no longer in custody. In re Daniels, 203 F. App'x 442, 443 (4th Cir. 2006) (unpublished); United States v. Mandel, 862 F.3d 1067, 1075 (4th Cir. 1988). Petitioner is in custody and has (or had) an available post-conviction avenue of relief under § 2255(f)(1). *Audita querela* relief is only available to "plug a gap in the system of federal postconviction remedies," United States v. Johnson, 962 F.2d 579, 583 (7th Cir. 1992), and in this case, § 2255 was in fact available leaving no gap to plug. Petitioner is, therefore, not entitled to any relief under such alternative avenues for seeking relief.

### ORDER

**IT IS, THEREFORE, ORDERED** that petitioner's counseled "Supplement and Amendment to [Petitioner's] Pro Se Motion to Vacate Sentence Under 28 U.S.C. § 2255; Alternative Petition for Relief Under 28 U.S.C. §2241; Alternative Petition for Writ of Coram

Nobis; and Alternative Petition for a Writ of Audita Querela" (#12) is:

(1) **DENIED** in its entirety as to the relief requested under § 2255, a Writ of *Coram Nobis*, and a Writ of *Audita Querela*;

(2) **DENIED** as to the relief sought under § 2241 as to the 2003 conviction and decision is **WITHHELD** as to the §2241 claim on the 2000 conviction, and supplemental briefing shall be submitted, as follows:

    (a) the government shall file its supplemental Response brief, limited to five pages, on or before March 1, 2013; and

    (b) the petitioner shall file a supplemental Reply brief, limited to five pages, on or before March 8, 2013.

Signed: February 22, 2013

Max O. Cogburn Jr.
United States District Judge