IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12cv152
[3:99cr163-01 & 3:01cr31-2]

| | |
|---|---|
| RONALD A. MOORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | SUPPLEMENTAL |
| Vs. ) | MEMORANDUM OF |
| ) | DECISION and ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the court on petitioner's claim under 28 U.S.C. § 2241 as to his 2000 conviction in United States v. Moore, 3:99cr163 (W.D.N.C. Nov. 16, 2000). See "Supplement and Amendment to [Petitioner's] Pro Se Motion to Vacate Sentence Under 28 U.S.C. § 2255; Alternative Petition for Relief Under 28 U.S.C. §2241; Alternative Petition for Writ of Coram Nobis; and Alternative Petition for a Writ of Audita Querela" (#12).

Petitioner seeks relief from the judgment of this court entered June 6, 2011, which imposed 15 months imprisonment for violating the terms of supervised release in 3:99cr163 (hereinafter "the 2000 conviction") and 46 months imprisonment for violating the terms of supervised release in 3:01CR31 (hereinafter "the 2003 conviction"), sentences which this court ordered to be served concurrently. The 2000 conviction was for a violation of 18 U.S.C. § 922(g)(1), which was in turn based on a state-court conviction for felony possession of cocaine in Mecklenburg County Superior Court on May 5, 1995. On February 22, 2013, the court dismissed all claims as to petitioner's 2003 conviction as well as all claims as to the 2000

-1-

conviction, save the Section 2241 claim, as to which the court directed additional briefing.

Within the time allowed, the government filed its Supplemental Response in which it conceded petitioner was entitled to relief under Section 2241 as to the 2000 conviction. Where, as here, Section 2255 is inadequate or ineffective to test the legal validity of a petitioner's conviction, the "savings clause" of Section 2255 permits a petitioner to seek relief under Section 2241. In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The savings clause only applies to permit such relief, when: (1) at the time of conviction, settled law of the Fourth Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to any direct appeal or first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010). It is undisputed that at the time of petitioner's conviction, the then applicable case law made petitioner's conviction lawful. Subsequent to his conviction, the decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), established that the conduct of which petitioner was convicted was no longer criminal, making defendant actually innocent of the conduct underlying the 2000 conviction. Finally, petitioner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. Thus, petitioner is eligible for relief under Section 2241.

In light of such concession, petitioner argues that the court should now revisit the 46-month sentence imposed for violating the terms of supervised release on the 2003 conviction, contending that the sentence was enhanced based on the 2000 conviction. Petitioner has not shown, however, that such sentence stems from a constitutional error or has resulted in an

-2-

Case 3:12-cv-00152-MOC   Document 24   Filed 03/11/13   Page 2 of 4

unlawful sentence as the sentence imposed was not in excess of that allowed by law. The statutory maximum for the 2003 conviction - - conspiracy to possess with intent to distribute cocaine and cocaine base within 1000 feet of a protected area - - was and remains life imprisonment. Thus, petitioner does not state a cognizable challenge under § 2255 to the 46-month sentence imposed in the 2003 conviction for the SRV violation. Finally, such judgment does not present a claim that is indicative of a complete miscarriage of justice as the 46-month sentence this court imposed is fully justified by the offense conduct. The defendant was released from the Bureau of Prisons on March 4, 2011, and within a month of his release, he was charged with and arrested for Possession With Intent to Sell and Deliver Marijuana (11CR215821) involving two pounds of marijuana, Driving While License Revoked (11CR19843), and Fictitious/Altered Title/Registration Card/Tag (11CR215822) in Mecklenburg County.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the court's previous Memorandum of Decision and Order (#21) in incorporated herein by reference, and petitioner's counseled "Supplement and Amendment to [Petitioner's] Pro Se Motion to Vacate Sentence Under 28 U.S.C. § 2255; Alternative Petition for Relief Under 28 U.S.C. §2241; Alternative Petition for Writ of Coram Nobis; and Alternative Petition for a Writ of Audita Querela" (#12) is:

(1) **DENIED** in its entirety as to the relief requested under § 2255, a Writ of *Coram Nobis*, and a Writ of *Audita Querela*;

(2) **DENIED** as to the relief sought under § 2241 as to the 2003 conviction; and

(3) **GRANTED** as to the §2241 claim on the 2000 conviction, and the judgment of

conviction entered in <u>United States v. Moore</u>, 3:99cr163 (W.D.N.C. 2000) is **VACATED**.

This civil action is terminated, and the Clerk of Court shall enter Judgment in accordance with this Order.

Signed: March 11, 2013

Max O. Cogburn Jr.
United States District Judge